UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALLEN DUPREE GARRETT,**

      **Plaintiff,**

  v.                                       **Civil Action 2:24-cv-1642**
                                                      **Judge Edmund A. Sargus, Jr.**
                                                      **Magistrate Judge Chelsey M. Vascura**

**DAVE YOST,** *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Allen Dupree Garrett, an Ohio resident proceeding without the assistance of counsel, brings this action against the Ohio Attorney General, the Franklin County, Ohio Prosecutor, Social Services—Northland Village, Division of Disability Determination, and Kengi Sese Koker, alleging denials of public assistance and physical assault. (Compl., ECF No. 1-1.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned

**RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.   STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>   (i) is frivolous or malicious; [or]
>
>   (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff's 12-page Complaint is largely comprised of citations to legal authorities. Plaintiff's only factual allegations are that he was "denied public assistance and service from the state of Ohio" from 2023 to March 15, 2024, during which time Plaintiff was "Homeless, Unclothed, Jobless, Critically Injured, Hospitalized, Housed with-in Mental Institutions and

Abandoned," and that Plaintiff was "Stabbed 18 times in the Upper parts of his body" in March 2023. (Compl., ECF No. 1-1, PAGEID #10, 12.)

Although Plaintiff does not expressly state as much, the undersigned construes the legal citations in his Complaint to advance a claim for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Although Plaintiff alleges he was denied public assistance by the state of Ohio, he does not allege that that denial was based on his race, color, or national origin. Similarly, Plaintiff cites the Americans with Disabilities Act, 42 U.S.C. § 12182, which prohibits discrimination by public accommodations on the basis of disability; but Plaintiff does not allege that any public assistance denial was on the basis of disability.

Plaintiff also cites 18 U.S.C. § 1113, the criminal statute codifying the federal offense of attempted murder. However, criminal statutes generally do not provide individuals with a private right of action. *See*, *e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone . . . ."); *Ohlendorf v. United Food & Com. Workers Int'l Union, Loc. 876*, 883 F.3d 636, 642 (6th Cir. 2018) ("We do not casually, or for that matter routinely, imply private rights of action in favor of the victims of violations of criminal laws."). Plaintiff therefore cannot proceed under this statute.

In sum, Plaintiff's allegations are not "enough to raise a right to relief above the speculative level" or to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal of his Complaint is therefore appropriate.

### III. DISPOSITION

Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5